IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN BISHOP,                                          CV. 04-1076-KI

        Plaintiff,                                  ORDER

  v.

KARIN ZEH, et al.,

        Defendants.

KING, Judge

Plaintiff, an inmate at the Arizona State Prison, brings this civil rights action *pro se*. Currently before the court are plaintiff's motion for default judgment, motion for service of process by the U.S. Marshal's Service, and motion for temporary restraining order.

## **BACKGROUND**

Plaintiff filed this civil rights action on August 4, 2004. On August 11, 2004, I denied plaintiff's motion to proceed *in forma pauperis* on the basis that plaintiff has filed three or more civil rights actions while incarcerated which were dismissed for failure to state a claim. 28 U.S.C. § 1915(g).

1 -- ORDER

On October 20, 2004, plaintiff paid the filing fee. On November 22, 2004, summonses were sent to plaintiff to be completed. Plaintiff returned the summonses and, on December 16, 2004, the summonses were issued by the clerk of the court and returned to plaintiff for service.

### **DISCUSSION**

Plaintiff moves for the entry of a default judgment on the basis that defendants have failed to file an appearance or otherwise answer his complaint. In support of the motion, plaintiff attests that he sent by first class mail (1) a copy of the complaint and request for waiver of service to defendants Ickes, Morrow, Zeh and Prinslow on January 7, 2005; (2) summonses to the foregoing defendants on January 13, 2005; (3) a copy of the complaint, request for waiver of service, and summonses to defendants McGraw, Hillmick, Clemente and Herron on January 11, 2005; and (4) a copy of the complaint, request for waiver of service, and summonses to defendants Schiedler and Bowman on January 13, 2005.

Plaintiff has filed no proof of service as is required by Fed. R. Civ. P. 4(l). Moreover, plaintiff's affidavit in support of his motion for default judgment fails to indicate that defendants were properly served in accordance with either Fed. R. Civ. P. 4(e)(1)

(pursuant to state law)[1] or 4(e)(2) (personal service upon the defendant, to a person residing at defendant's place of abode, or an authorized agent). Accordingly, plaintiff's motion for default judgment is denied.

Plaintiff's motion for service by the U.S. Marshal's Service is denied on the basis that plaintiff is not proceeding *in forma pauperis*. See Fed. R. Civ. P. 4(c)(2).

Finally, plaintiff's motion for temporary restraining order (#6) is denied because plaintiff has failed to demonstrate that any of the named defendants have been properly served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1985) (federal court may issue injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim).

## CONCLUSION

Based on the foregoing, plaintiff's motions for default judgment (#17), for service by the U.S. Marshal Service (#18), and for temporary restraining order (#6) are DENIED.

///

///

---

[1] Under Oregon law, service by mail upon an individual is accomplished by mailing a true copy of the summons and complaint to the defendant by both first class mail and either certified mail or registered mail, return receipt requested, or express mail. ORCP 7D(2)(d)(i) (2005). Service is complete on the date the defendant signs a receipt for the mailing. ORCP 7D(3)(a)(i) (2005).

IT IS FURTHER ORDERED that the time to effect service is extended to May 30, 2005. Failure to effect and file proof of service by that date shall result in the dismissal of this proceeding. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

DATED this ___12th___ day of April, 2005.

                                                                    __/s/ Garr M. King___
                                                                    Garr M. King
                                                                    United States District Judge